United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 31, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 06-50046
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS ORTEGA-GAMEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-1492-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Jose Luis Ortega-Gamez (Ortega) appeals the 41-month sentence imposed following his guilty-plea conviction for illegal re-entry, in violation of 8 U.S.C. § 1326.  He argues that, although his sentence was at the bottom of the guidelines range, it is unreasonable because the district court failed to properly weigh the sentencing factors set forth in 18 U.S.C. § 3553(a) and imposed a term of imprisonment greater than necessary to meet § 3553(a)'s objectives.  He also argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that his sentence exceeds the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

statutory maximum sentence allowed for the § 1326 offense charged in his indictment.

The record reflects that the district court considered factors set forth in § 3553(a) when it determined that a 41-month term of imprisonment was a fair and reasonable sentence in Ortega's case. See United States v. Mares, 402 F.3d 511, 518-19 (5th Cir. 2005); see also United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). Ortega has not shown that this sentence was unreasonable or that this court should not defer to the district court's determinations at sentencing. See Mares, 402 F.3d at 519.

Ortega's challenge to the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Ortega contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005). Ortega properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.